IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| CHARLES TORNS | PLAINTIFF |
| V. | No. 4:00CV85-D-D |
| RICHARD PAUL PENNINGTON, et al. | DEFENDANTS |

CONSOLIDATED WITH

| | |
|---|---|
| CHARLES TORNS | PLAINTIFF |
| V. | No. 4:01CV296-D-D |
| STATE OF MISSISSIPPI DEPARTMENT OF CORRECTIONS, et al. | DEFENDANTS |

## MEMORANDUM OPINION DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW

Presently before the Court is the Plaintiff's motion for judgment as a matter of law or, in the alternative, a new trial. Upon due consideration the Court finds that the motion shall be denied.

*A. Factual Background*

This matter was initiated by the inmate Plaintiff's 42 U.S.C. § 1983 pro se complaint. The case has a lengthy procedural history including a dismissal and countless appeals one of which resulted in an order of remand. Following the Court of Appeals' remand on February 19, 2008, this court promptly set the matter for trail.

The case arises out of Plaintiff's claim that he was denied access to his legal materials and thus denied access to the courts. Plaintiff's endless pleadings also alluded to a possible claim of retaliation. A jury trial was held beginning August 18, 2008. After three days of testimony and argument, the jury returned a verdict for the Defendants as to both claims– denial-of-access to the

courts and retaliation.[1] The Plaintiff has now filed a post trial motion for judgment as a matter of law or in the alternative a new trial asserting five grounds in support thereof.[2]

*B. Standards of Review*

Rule 50 of the Federal Rules of Civil Procedure sets forth the standard for granting judgment as a matter of law:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue. . . . In ruling on a renewed motion, the court may . . . allow the judgment to stand, order a new trial, or direct entry of judgment as a matter of law.

Fed. R. Civ. P. 50.

In applying this standard, the court must consider all of the evidence in the light most favorable to the nonmovant, drawing all reasonable factual inferences in that party's favor, and leave credibility determinations and the weighing of evidence to the jury. *McCrary v. El Paso Energy Holdings, Inc.*, 209 F. Supp. 2d 649, 651 (N.D. Miss. 2002) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149-50, 120 S. Ct. 2097, 2110, 147 L. Ed. 2d 105 (2000)). The court should grant a motion for judgment as a matter of law only when "the facts and inferences point so strongly and overwhelmingly in favor of [the moving] party that the court believes that reasonable [jurors] could not arrive at a contrary verdict." *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir.

---

[1] Plaintiff's motion does not challenged the court's directed verdict as to all Defendants except Richard Pennington and Thomas Henderson.

[2] Plaintiff also filed a "motion to clarify brief in support of his judgment notwithstanding the verdict." Although not formerly granted, the court will proceed as though the "motion to clarify" amended his original JNOV motion.

1969). Once a case has been tried by a jury, a Rule 50(a) motion is a challenge to the legal sufficiency of the evidence. *Intl'l Ins. Co. V. RSR Corp.*, 426 F.3d 281, 296 (5th Cir. 2005)

As for the motion for a new trial, the Federal Rules of Civil Procedure permit a trial court to grant a new trial based on that court's appraisal of the fairness of the trial and the reliability of the jury's verdict. Fed. R. Civ. P. 59. The rule does not specify what grounds are necessary to support such a decision, but states only that the action may be taken "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a); *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). A new trial may be granted, for example, if the district court finds that the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in the course of the trial. *See, e.g., Eyre v. McDonough Power Equip., Inc.*, 755 F.2d 416, 420-21 (5th Cir. 1985); *Westbrook v. Gen. Tire and Rubber Co.*, 754 F.2d 1233, 1241 (5th Cir. 1985); *Carson v. Polley*, 689 F.2d 562, 570-71 (5th Cir. 1982); *Martinez v. Food City, Inc.*, 658 F.2d 369, 372-74 (5th Cir. 1981); *Conway v. Chem. Leaman Tank Lines, Inc.*, 610 F.2d 360, 363 (5th Cir. 1980). A motion for a new trial based on evidentiary grounds should not be granted unless, at a minimum, the verdict is against the great weight of the evidence, not merely against the preponderance of the evidence. *Carter v. Fenner*, 136 F.3d 1000, 1010 (5th Cir. 1998).

## C. Discussion

### Newly Discovered Evidence

Plaintiff first contends that he has discovered new evidence since trial that if produced during the trial would have resulted in a verdict favorable to him. Specifically, Plaintiff states that Defendants failed to provide him with an accurate address for one of his proposed witnesses, inmate

Carl Earl Frost. Plaintiff contends that Defendants gave him an invalid address for Frost which prevented Frost from providing "relevant testimony from a reliable, disinterested witness."

In an order dated July 25, 2008, the court instructed Defendants to "provide Plaintiff with the last known addresses for [inmates] John B. Irving and Carl Earl Frost," because the men were no longer in custody of the MDOC. Since these two men were offered for the same purpose, the order further provided that the Plaintiff would be allowed to call only one of these proposed witnesses at his own expense. Although the address given to Plaintiff may have been invalid, Defendants clearly and in good faith complied with the court's order.

In addition to either Irving or Frost, Plaintiff was afforded the opportunity to call two other inmate witnesses, Edward Johnson and Desmond Phillips. Both of these witnesses gave less than ten minutes of testimony respectively. Neither witness provided specific details regarding Plaintiff's claim but gave only vague recollections and opinions. Given the similar stated reasons for the inmate witnesses, it is doubtful that Frost would have provided Plaintiff with a "smoking gun." Additionally, the alleged detrimental absence of Frost could have been cured with testimony from the other proposed witness John B. Irving. Plaintiff, however, failed to secure Irving's attendance.

<u>Jury Instructions</u>

Next, Plaintiff argues that the court improperly instructed the jury. Plaintiff's claim includes several subcategories. First, he states that the court refused to order that he be provided assistance in drafting jury instructions. This subordinate argument is blatantly false. The court went beyond its customary duty in this case and insured that Plaintiff had access, as requested, to the Fifth Circuit Pattern Jury Instructions. *See* Order Denying Motion (June 10, 2008) (docket entry 70).

Plaintiff then assigns as error jury instructions prepared by the court and provided to him on the first day of trial. It is axiomatic that the court has an affirmative duty to fully and correctly instruct the jury on the applicable law of each case. *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, (5th Cir. 1995). A trial court is entitled to considerable latitude in fashioning jury instructions so long as the charge taken as a whole is accurate and not misleading. *Woodhouse v. Magnolia Hosp.*, 92 F.3d 248, 257 (5th Cir. 1996).

In cases such as this where one or more of the parties is proceeding without the benefit of counsel, the court must necessarily assume a more active role in preparing the jury instructions to ensure the charge is fair to all parties without regard to representation and accurately states the law. Despite his current assertion, Plaintiff did not, timely or otherwise, proffer any jury instructions to the court. He did, however, lodge a general objection to the instructions drafted by the court based on his "lack of knowledge." Moreover, Plaintiff never articulated any specific objection to any single instruction.

Weeks after the conclusion of his trial, Plaintiff now makes specific objections to at least five of the court's instructions. Given the absence of any serious challenge during the trial, the court concludes that there was no error when it crafted the instructions and charged the jury particularly where Plaintiff failed to offer any proposed instructions.[3] The court is satisfied that the jury charge

---

[3] Plaintiff also includes a familiar complaint that the court erred by failing to appoint an attorney. The argument continues, that since the court refused (on countless occasions) to appoint an attorney, he should have been granted a continuance to prepare his own instructions. There are too many places in this record to review each time the court denied Plaintiff an attorney. As Plaintiff is well aware, a civil litigant has no right to court appointed counsel. *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007). Furthermore, Mr. Torns has been branded a "three striker" and the appointment of an attorney may have deprived him of the pleasure of engaging in what will likely be his last litigation in this court.

as a whole was an accurate reflection of the law, fair to all parties, and not misleading.

### Evidence of Other Crimes

Plaintiff asserts that the court erred by allowing Defendants' counsel to ask questions during cross examination about Plaintiff's conviction. Continuing, Plaintiff states that the inquiry was highly prejudicial and not relevant to any issue. For a number of reasons, Plaintiff's contention is simply incorrect.

First, during the trial, Plaintiff repeatedly referred to and elicited testimony from several Defendants regarding a write-up or RVR he received for "forgery." The circumstances which lead to the issuance of the RVR were intertwined with Plaintiff's claim for denial-of-access to the court. Accordingly, Plaintiff's convictions for "forgery" and mail fraud were plainly relevant the theory of the case and to his veracity. Additionally, the underlying litigation which Plaintiff argued Defendants impeded–the entire reason for the trial–grew out of his original conviction.

Furthermore, the Supreme Court of the United States has held

> that Federal Rule of Evidence 609(a)(1) requires a judge to permit impeachment of a civil witness with evidence of prior felony convictions regardless of ensuant unfair prejudice to the witness or the party offering the testimony. Thus no error occurred when the jury in this . . . suit learned through impeaching cross-examination that plaintiff . . . was a convicted felon.

*Green v. Block Laundry Machine Co.*, 490 U.S. 504, 527, 109 S.Ct. 1981, 1994 104 L.Ed.2d 557 (1989); *Bender v. Brumley*, 1 F.3d 271, 276 (5th Cir. 1993). Although the court may have failed to conduct the balancing test on the record, the admissibility of Plaintiff's original conviction was simply apparent based on its probative value and the potential prejudice was only slight.[4]

---

[4] Additionally, Plaintiff appeared in court each of the three days in his prison issued uniform. Given his appearance and the nature of the claims, there was clearly no doubt about the fact of his incarceration. Hence, the revelation of his conviction could hardly be considered

Insufficient Evidence

Plaintiff contends that the jury verdict in favor of the Defendants was against the overwhelming weight of the evidence. When considering a challenge to the sufficiency of the evidence, the court must view all the evidence in favor of the prevailing party. *Gann v. Gruehauf Corp.*, 52 f.3d 1320, 1326 (5th Cir. 1995). "Weighing the conflicting evidence and the inferences to be drawn from that evidence, and determining the relative credibility of the witnesses, are the province of the jury, and its decision must be accepted if the record contains any competent and substantial evidence tending fairly to support the verdict." *Gibralter Sav. v. LD Brinkman Corp.*, 860 F.2d 1275, 1297 (5th Cir. 1988). "Substantial evidence, while something less than the weight of the evidence, is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, even if different conclusions also might be supported by the evidence." *Id.*

Prisoner's have a constitutional right of adequate and meaningful access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350-355, 116 S.Ct. 2174, 2179-81, 135 L.Ed.2d 606 (1996); *McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998). A prisoner cannot prevail on an access-to-the-courts claim, however, without proving an actual injury. *Lewis*, 518 U.S. at 350-52; *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993). It is only when a prisoner suffers some sort of actual prejudice or detriment because of the alleged denial of access to the courts that the allegation becomes a constitutional concern. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). To maintain a claim, a plaintiff must show real detriment, *i.e.*, true denial of access, such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination

---

prejudicial.

~9082984.wpd 7

in a proceeding. *See Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970).

At trial there was ample evidence presented concerning Plaintiff's access to his legal materials which is, of course, restricted as a result of his incarceration. Plaintiff himself demonstrated a keen awareness of prison policy and rules regarding gaining access to legal materials and the law library. Neither of the inmate witnesses provided details regarding how Plaintiff was allegedly denied access to the court. Rather, each testified in general terms about the procedures for retrieving legal materials and legal aid while incarcerated. The only evidence supporting his denial-of-access claim came from the Plaintiff. There was no proof linking any named Defendant directly to any event which resulted in actual prejudice to Plaintiff or real detriment in any one of his numerous cases.[5]

On the other hand, there was extensive testimony demonstrating Plaintiff's litigious propensity, his awareness of the law and procedure, his knowledge regarding the history of prison policies as well as the current rules, and his ability to obtain legal material and legal assistance through ILAP. Plaintiff admitted that he was a "writ writer" who was knowledgeable of legal procedure. Plaintiff admitted that he was engaged in at least ten active and on-going cases. Accordingly, given the scant evidence supporting Plaintiff's claim and the considerable testimony favorable to the Defendants, it cannot be seriously disputed that there was sufficient evidence to support the jury's verdict as to denial-of-access.

---

[5] Plaintiff consistently maintained that he was denied to the right to challenge his underlying conviction because he was refused legal assistance from some unidentified person at the Inmate Legal Assistance Program ("ILAP"). Plaintiff emotionally but presumptively argued that had he received the help requested he would be a free man. The court has no doubt that Plaintiff truly believed his argument. However, the evidence presented at trial in no way implicated, even with liberal construction, the invalidity of Plaintiff's conviction. Thus, Plaintiff failed to supply sufficient evidence of prejudice.

As for the retaliation claim, the elements of a claim under a retaliation theory include the plaintiff's invocation of "a specific constitutional right," the defendant's intent to retaliate against the plaintiff for his or her exercise of that right, a retaliatory adverse act, and causation, *i.e.*, "but for the retaliatory motive the complained of incident . . . would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995) (citations omitted ), *cert. denied*, 516 U.S. 1084, 116 S. Ct. 800, 133 L.Ed.2d 747 (1996).

Plaintiff argued that he was given an RVR by Defendant Pennington in retaliation for naming Pennington as a defendant in a separate lawsuit. The evidence and testimony proved that Pennington did issue Plaintiff an RVR for forgery. Pennington testified that he was unaware at the time the RVR was issued that he had been named as a defendant in a lawsuit. Plaintiff did not deny, but in fact corroborated, that he did sign another inmate's name to a legal document.[6] As a result, the overwhelming testimony supported the jury's conclusion that Pennington did not retaliation against Plaintiff.

### Cumulative Effect

Finally, Plaintiff argues that the cumulative effect of all the aforementioned errors resulted in an unfair trial. As discussed *supra*, the court finds that there were no errors. Thus, there was no cumulative effect requiring a judgment in Plaintiff's favor. To the contrary, the Plaintiff was afforded a fair trial and more than ample opportunity to present his case to the jury. Similarly, Plaintiff is not entitled to a new trial.

---

[6] Ironically, Plaintiff failed to appreciate the legal meaning of "forgery." Instead, Plaintiff insisted that he signed the document with the inmate's permission so there could be no forgery.

*D. Conclusion*

For all the foregoing reasons, Plaintiff's motion for judgment as a matter of law or, in the alternative for a new trial, will be denied.

A separate order in accordance with this opinion will be entered.

THIS, the 11th day of September, 2008.

SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI